IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 4:22-cr-_58_ |
| v. | 18 U.S.C. §§ 1343 and 2 |
| | Wire Fraud |
| STEVEN A. MORRISON, | (Count 1) |
| Defendant. | 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) |
| | Asset Forfeiture |

## CRIMINAL INFORMATION

At all times relevant:

1. STEVEN ALAN MORRISON, the defendant herein, was a resident of Poquoson, Virginia, in the Eastern District of Virginia.

2. From in or about June 2016 through in or about April 2019, the defendant was employed as the IT Director for Suttle Motor Corporation. While so employed, the defendant was a salaried, full-time employee of the business and a member of its management team.

3. Suttle Motor Corporation is a privately owned car dealership located at ***** Jefferson Avenue in Newport News, Virginia, in the Eastern District of Virginia.

4. The defendant was responsible for the oversight of IT operations for the car dealership, including the installation of new software and hardware, procurement of IT hardware and supplies, configuration of the dealership's phone and computer networks, and to troubleshoot as well as fix IT problems.

5. As the IT Director for Suttle Motor Corporation, the defendant routinely purchased IT equipment and services for the business and requested reimbursement for those expenses.

6. In or about April 2019, the defendant was terminated from Suttle Motor Corporation because the business found fraudulent invoices submitted by the defendant for reimbursement.

7. The defendant embezzled approximately $119,015.24 from Suttle Motor Corporation by submitting false claims for reimbursement with fabricated invoices for IT products purportedly purchased from Newegg Commerce, Inc. – an online retailer of computer hardware and consumer electronics.

8. The defendant further embezzled approximately $35,990.19 from Suttle Motor Corporation by making false claims for reimbursement with inflated invoices for advertising services purchased from Alphabet, Inc. (Google).

## THE SCHEME AND ARTIFICE

9. The object of the scheme and artifice to defraud and for obtaining money and property by means of materially false pretenses, representations, and promises was for the defendant to embezzle money from Suttle Motor Corporation to enrich himself.

10. It was part of the scheme and artifice to defraud that the defendant exploited his position as IT Director at Suttle Motor Corporation to submit false claims for reimbursement from the business.

11. It was further part of the scheme and artifice to defraud that the defendant requested to be reimbursed for expenses from the purchase of IT equipment and services that the defendant never actually purchased for the business.

12. It was further part of the scheme and artifice to defraud that the defendant submitted inflated reimbursement claims for amounts far greater than what he actually paid for IT equipment and services for the business.

13. It was further part of the scheme and artifice to defraud that the defendant fabricated invoices and created other documentation to justify and conceal his fraudulent claims for reimbursement.

14. It was further part of the scheme and artifice to defraud that the defendant caused Suttle Motor Corporation to pay him by checks drawn against the company's business bank account (ending in 1188) at SunTrust Bank (now Truist Financial Corporation).

15. It was further part of the scheme and artifice that the defendant negotiated the reimbursement checks from Suttle Motor Corporation and, in so doing, caused electronic transfers of information to occur between locations in the Eastern District of Virginia and terminals and/or computer servers located outside the Commonwealth of Virginia.

## COUNT ONE
## (Wire Fraud)

THE UNITED STATES CHARGES THAT:

1. The factual allegations contained above are incorporated herein by reference as if set out in full.

2. From in or about June 2016 through in or about April 2019, the exact dates being unknown, in the Eastern District of Virginia and elsewhere, STEVEN A. MORRISON, the defendant herein, with intent to defraud, knowingly devised and intended to devise the aforesaid scheme and artifice to defraud and for obtaining property by means of materially false and fraudulent pretenses, representations and promises.

3. On or about the date set forth below, in the Eastern District of Virginia and elsewhere, STEVEN A. MORRISON, the defendant herein, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property through materially false pretenses, representations, and promises as described above, did knowingly and willfully transmit and cause to be transmitted by means of wire communication in interstate commerce, certain signs, signals, and sounds as set forth in the table below, and from or through locations in the Eastern District of Virginia from, to, or through computers and terminals located outside of the Commonwealth of Virginia:

| COUNT | DATE (on or about) | TRANSACTION |
|---|---|---|
| 1 | September 14, 2017 | The defendant negotiated check no. 41333 at Langley Federal Credit Union in Hampton, Virginia, which was drawn against the business bank account of Suttle Motor Corporation. As part of the check-clearing process, there were interstate transmissions of wire communication between Langley Federal Credit Union (the depository institution), SunTrust Bank (the check issuer), and the Federal Reserve (the check clearing system). |

(In violation of Tile 18, United States Code, Sections 1343 and 2.)

4

## FORFEITURE

1.   The defendant, if convicted of Count One of this Criminal Information, shall forfeit to the United States, as part of sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2.   If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

3.   The property subject to forfeiture includes, but is not limited to, the following:

   a.   A monetary judgment in an amount representing the proceeds the defendant obtained from the wire fraud scheme alleged in this indictment.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c).)

<u>UNITED STATES v. STEVEN A. MORRISON</u>
4:22-cr-_58_

                              Respectfully submitted,

                              Jessica D. Aber
                              United States Attorney

By:                    _/s/ D. Mack Coleman_
                              D. Mack Coleman
                              Assistant United States Attorney
                              Eastern District of Virginia
                              Fountain Plaza Three, Suite 300
                              721 Lakefront Commons
                              Newport News, Virginia 23606
                              Phone: (757) 591-4000
                              Fax:   (757) 591-0866
                              Email:  mack.coleman@usdoj.gov

## Certificate of Service

I hereby certify that on July 21, 2022, I submitted the foregoing to the Clerk of Court to be filed. I will send a notification of such filing to counsel of record for the defendant.

James Orlando Broccoletti
Zoby & Broccoletti
6663 Stoney Point S
Norfolk, VA 23502
757-466-0750
Fax: 757-466-5026
Email: james@zobybroccoletti.com

By: _____

D. Mack Coleman
Assistant United States Attorney
Eastern District of Virginia
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Office:   (757) 591-4028
Fax:      (757) 591-0866
Email:    mack.coleman@usdoj.gov